FILED'09 NOV 10 13:09 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CLIFFORD R. TRACY,

      Defendant.

CV No. 09-3078-PA

ORDER

**PANNER, District Judge:**

    The United States brings claims for trespass and ejectment against Clifford R. Tracy, who owns an unpatented placer mining claim in the Rogue River-Siskiyou National Forest. Without Forest Service permission, Tracy felled timber, diverted a stream, and excavated rock and soil on his mining claim.

    I grant the government's motion for summary judgment as to liability and deny Tracy's motions to dismiss and for summary judgment. I will set a briefing schedule and hearing on remedies, including damages and injunctive relief.

## BACKGROUND

    Forest Service regulations required that Tracy submit a plan of mining operations to the District Ranger "if the proposed

1 - ORDER

operations will likely cause a significant disturbance of surface resources." 36 C.F.R. § 228.4(a)(3). Tracy submitted a plan of operations to the Forest Service in January 2005. The District Ranger concluded Tracy's planned mining operations would likely cause significant disturbance of surface resources. While it evaluated Tracy's plan, the Forest Service consulted with other federal and state agencies. In February 2009, the Forest Service issued a Draft Environmental Impact Statement. The Draft EIS proposed an alternative plan of operations.

In July 2009, Tracy notified the Forest Service that he was rescinding his signature on his applications, effectively withdrawing from the agency process. The Forest Service then warned Tracy that if he felled trees or mined without an approved operating plan, he would be subject to civil and criminal penalties.

Tracy moved excavating machinery and mining equipment onto his claim without Forest Service knowledge or permission. By September 2009, Tracy had felled about twenty mature trees, built a road, diverted a creek, and created two ponds. His operations discharged dirt and gravel into Sucker Creek, which is habitat for coho salmon, a threatened species.

I granted the government's motion for a preliminary injunction and ordered Tracy to stop his mining operations pending a final judgment. Tracy complied with the order and moved his equipment off national forest land. The Forest Service has now rehabilitated the site.

After a criminal trial to the court, CR No. 09-30041-PA, I found Tracy guilty of mining without an approved plan, a misdemeanor. See 36 C.F.R. §§ 228.4 & 261.10(p).

2 - ORDER

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## DISCUSSION

Tracy contends that he cannot be liable for trespass on his own mining claim. As the owner of an unpatented mining claim in a national forest, Tracy does have a property right in the claim, although the United States retains title to the land. See United States v. Shumway, 199 F.3d 1093, 1103 (9th Cir. 1999); United States v. Russell, 2009 WL 33325, at *1 n.1 (N.D. Cal. Jan. 6, 2009) ("An unpatented mining claim is one to which the United States government retains title."). There is no doubt that Congress intended to promote mining on public lands, but not at the expense of protecting national forests. As the Ninth Circuit explained:

> The Secretary of Agriculture has been given the responsibility and the power to maintain and protect our national forests and the lands therein. While prospecting, locating, and developing of mineral resources in the national forests may not be prohibited nor so unreasonably circumscribed as to amount to a prohibition, the Secretary may adopt reasonable rules and regulations which do not impermissibly encroach upon the right to the use and enjoyment of placer claims for mining purposes.

United States v. Weiss, 642 F.2d 296, 299 (9th Cir. 1981) (footnote omitted). Under the current statutory regime, "persons entering the national forests to prospect, locate, and develop mineral resources therein are subject to and must comply with the

3 - ORDER

rules and regulations covering the national forests." Id. at 298. "While the regulation of mining per se is not within Forest Service jurisdiction, where mining activity disturbs national forest lands, Forest Service regulation is proper." United States v. Goldfield Deep Mines Co., 644 F.2d 1307, 1309 (9th Cir. 1981). Because Tracy's planned mining operations were likely to disturb surface resources, the Forest Service had the authority to require that Tracy submit a proposed plan of operations before mining. See Clouser v. Espy, 42 F.3d 1522, 1530 (9th Cir. 1994).

Tracy contends that the Forest Service exceeded its authority by unreasonably delaying approval of his proposed operating plan. Even if the Forest Service's treatment of Tracy's proposed plan was unreasonable (which is not at issue here), Tracy has no right to mine without an approved plan of operations. While Tracy's frustration with the administrative process is understandable, it cannot justify his decision to take the law into his own hands. Tracy had legitimate alternatives to self-help: he could have continued with the agency process, or brought an action for judicial review to compel the Forest Service to act. See Clouser, 42 F.3d at 1531-32 (mining operators must exhaust administrative remedies); Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997) ("The [Administrative Procedures Act] provides that a court may compel 'agency action unlawfully withheld or unreasonably delayed.'") (citing 5 U.S.C. § 706(1)). After abandoning the agency process, Tracy cannot now complain that the Forest Service acted unreasonably. See United States v. Doremus, 888 F.2d 630, 633 (9th Cir. 1989). Shumway, cited by Tracy, is not on point because the claimants there did not act without authorization. See Shumway, 199 F.3d at 1103 (Shumways retained mining rights "so long as the Shumways complied with mining law

4 - ORDER

and forest service regulations").

Tracy has not cited, and I have not found, any authority that would allow a miner to significantly disturb national forest land without an approved plan of operations. In Doremus, the defendant miners were convicted of violating Forest Service regulations because they did not comply with an approved plan of operation. The Ninth Circuit stated that if the miners "believed that their operation required the removal of trees and that the plan failed to accommodate that need, their remedy was to appeal the plan prior to commencing operations. Appellants may not blithely ignore Forest Service regulations and argue afterward that their conduct was 'reasonable.'" Id. at 633. The court explained, "The purpose of requiring prior approval is to resolve disputes concerning the statutory balance [between allowing mining and protecting national forests] *before* operations are begun, not after." Id. at 632 (original emphasis).

The government is entitled to summary judgment on its trespass claim. A person is liable for trespass "if he intentionally (a) enters land in the possession of the other, or causes a thing or a third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove." Restatement (Second) of Torts § 158 (2009).[1] Here, Tracy moved heavy machinery onto the claim without Forest Service permission or knowledge; excavated and cleared the site without permission; and kept machinery on the site after the Forest Service asked him to remove it. By choosing to mine

---

   2. Courts applying federal common law and Oregon law refer to the Restatement of Torts on trespass. See United States v. Milner, 2009 WL 3260528, at *3 (9th Cir. Oct. 9, 2009); Martin v. Reynolds Metals Co., 221 Or. 86, 101, 342 P.2d 790, 797 (1959).

5 - ORDER

without an approved plan of operations, Tracy became a trespasser on the national forest. See United States v. Brunskill, 792 F.2d 938, 941 (9th Cir. 1986) (district court may order miner working without plan of operation to remove unauthorized structures); United States v. Burnett, 750 F. Supp. 1029, 1033 (D. Idaho 1990).

The government seeks damages based on the expenses incurred investigating Tracy's operation and rehabilitating the claim site. "A trespass, once established, carries with it liability for resulting harm." Loe v. Lenhardt, 227 Or. 242, 248, 362 P.2d 312, 315 (1961) (citing Martin v. Reynolds Metals Co., 221 Or. 86, 342 P.2d 790 (1959)). The government is entitled to damages for Tracy's trespass. I reserve ruling on the amount of damages and appropriate injunctive relief.

## CONCLUSION

Plaintiff's motion for summary judgment (#28) is granted as to liability, with damages and injunctive relief to be determined. Defendant's motions to dismiss (#33) and for summary judgment (#35) are denied. The amended preliminary injunction (#19) remains in effect pending entry of final judgment.

IT IS SO ORDERED.

DATED this 10 day of November, 2009.

OWEN M. PANNER
U.S. DISTRICT JUDGE